United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Neil P. Blunt, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:25-cv-02095 |
| v. | § | |
| Union Pacific Railroad Company, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER[1]

On May 27, 2026 Plaintiff Neil P. Blunt filed a motion requesting leave to file expert disclosures and to name a retained expert, Bob Tucker, after the deadline for doing so expired. *See* Dkt. 21 (motion); Dkt. 8 (April 28, 2026 expert designation deadline). Defendant Union Pacific Railroad Company filed a response, Dkt. 22, and Blunt replied, Dkt. 24. Union Pacific also requested leave to file a sur-reply. Dkt. 25. The motions are ripe for resolution.

Union Pacific does not object to the designation of Blunt's previously disclosed healthcare providers as non-retained testifying experts. *See* Dkt. 22 at 2. But it objects to Blunt's request to designate a new retained expert, Bob Tucker. Because the Court denies Blunt's motion for leave (Dkt. 21), Union Pacific's related request to file a sur-reply (Dkt. 25) is also denied.

[1] The motions for leave (Dkts. 21, 25) have been referred to the undersigned. Dkt. 26.

"In determining whether to permit the late designation of an expert, district courts" consider "1) the explanation given for the failure to identify the witness, 2) the importance of the witness's testimony, 3) potential prejudice to the opposing party in allowing the witness's testimony, and 4) the possibility that a continuance would cure such prejudices." *Smith v. Johnson & Johnson, Inc.*, 483 Fed. App'x 909, 913 (5th Cir. 2012) (per curiam) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007)); *see also Akpan v. United States*, 2017 WL 6527427, at *2 (S.D. Tex. Dec. 21, 2017) (denying motion for leave to designate expert witnesses late under factors). All factors weigh in favor of denying Blunt's request and striking Tucker's untimely export report (Dkt. 27).

First, Blunt's explanation for failing to meet the expert designation deadline is insufficient. He merely stated that he "inadvertently allowed the disclosure deadline to pass …." Dkt. 21 at 2. As the Fifth Circuit observed, "inadvertence" is "tantamount to no explanation at all." *Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) (quotation omitted) ("inadvertence" was an insufficient explanation for failing to meet expert deadline).

Second, Blunt contends that the Court should overlook his tardiness because Tucker's expert testimony is important to his case. Dkt. 24 at 5. Blunt admits that it "cannot reasonably prove causation without" Tucker's testimony. *Id.* He relies on the Fifth Circuit's reasoning in *Betzel v. State Farm Lloyds* as support. *See id.* (citing 480 F.3d 704). "The Fifth Circuit has

interpreted the importance factor in somewhat conflicting ways." *AZ Wealth Big Springs, LLC v. Third Coast Ins. Co.*, 2025 WL 2994579, at *11 (N.D. Tex. Aug. 18, 2025), *adopted by* 2025 WL 2682469 (N.D. Tex. Sept. 19, 2025), *appeal dismissed*, 2026 WL 1091987 (5th Cir. Mar. 6, 2026). But *Newsome* "recently provided clarity on the issue …." *See id.* The *Newsome* court explained that "the claimed importance of Plaintiffs' expert testimony merely underscores the need for Plaintiffs to have complied with the court's deadlines." 123 F.4th at 767 (rejecting *Betzel* and quoting *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996)); *see also Stewart v. Gruber*, 2023 WL 8643633, at *5 (5th Cir. Dec. 14, 2023) (per curiam) (second factor did not weigh in plaintiffs' favor where witness's testimony was critical to their case).

As for the third and fourth factors, allowing Blunt to designate Tucker now would significantly prejudice Union Pacific, and a continuance of the remaining deadlines would not cure that prejudice. For the prejudice factor, courts examine whether extending the expert designation deadline would affect the non-movant's "preparation and increase[ ] the expense of the litigation." *See Newsome*, 123 F.4th 767; *see also Nickel Bridge Cap., LLC v. Hendrickson*, 2025 WL 3496215, at *3 (S.D. Tex. Dec. 1, 2025).

Union Pacific contends that it would be prejudiced by Tucker's untimely designation because it has already designated its experts in reliance on Blunt's non-designation. *See* Dkt. 22 at 5-7. Indeed, allowing Tucker's late

designation would force Union Pacific to expend more time, effort, and expense modifying its expert designations and obtaining new expert reports to address Tucker's newly proffered opinions. No continuance would cure that prejudice, which weighs against Tucker's belated designation. *See, e.g.*, *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (affirming decision to strike untimely witness designation and preclude expert testimony where defendant already "chose and designated his own expert witness in reliance on Plaintiff's apparent decision to forgo expert testimony"); *see also Izaguirre v. Ugland Marine Mgmt. AS*, 2012 WL 4104791, at *2 (S.D. Tex. Sept. 17, 2012) (prejudice factor weighed against allowing late designation where defendant designated its experts in reliance on plaintiff's non-designation). All factors disfavor Blunt's motion to designate Tucker.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff Neil Blunt's motion for leave to file untimely expert disclosures (Dkt. 21) is **GRANTED IN PART** and **DENIED IN PART** as follows. Blunt may designate his previously disclosed healthcare providers as non-retained expert witnesses. But his request for leave to file a belated expert disclosure for Bob Tucker is **DENIED**.

It is further **ORDERED** that Tucker's export report (Dkt. 27) is hereby **STRICKEN** from the record.

It is further **ORDERED** that Defendant Union Pacific Railroad Company's motion for leave to file a sur-reply (Dkt. 25) is **DENIED**.

Signed on August 10, 2026, at Houston, Texas.

Yvonne Y. Ho

Yvonne Y. Ho
United States Magistrate Judge